UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICOLE BAILEY,

       Plaintiff,

   -against-

THE UNITED STATES OF AMERICA and THE
UNITED STATES TRANSPORTATION SECURITY
ADMINISTRATION,

       Defendants.
-----------------------------------------------------------------X
NICOLE BAILEY,

       Plaintiff,

   -against-

MICHAEL SCOTTO AND ANGELA BARILLARO,

       Defendants.
-----------------------------------------------------------------X
ANGELA BARILLARO,

       Third Party Plaintiff,

   -against-

MICHAEL SCOTTO,

       Third Party Defendant.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

05-CV-3073 (NGG) (RML)

05-CV-3763 (NGG) (RML)

GARAUFIS, District Judge.

On February 2, 2007, Defendant United States of America ("the Government") moved to dismiss both complaints pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Specifically, the Government argues that the action brought against it by Plaintiff

Nicole Bailey ("Bailey") in the case docketed as 05-CV-3073 is preempted by the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. ("FECA"), and the cause of action brought against it by Third Party Plaintiff Barillaro ("Barillaro") in the case docketed as 05-CV-3763 must be dismissed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq., since the Government would not have been liable under the express provisions of New York State law, namely Section 11 of the New York State Workers' Compensation Law. The Government's motion to dismiss is GRANTED for the reasons set forth below.

I. **Factual and Procedural Background**

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff[s]." McGinty v. State, 193 F.3d 64, 68 (2d Cir. 1999). The following facts are therefore based on Plaintiffs' allegations, and do not represent the findings of this court. On December 21, 2003, at approximately 12:50 p.m., Michael Scotto ("Scotto"), a Transportation Security Screener with the United States Transportation Security Administration ("TSA") was operating a government vehicle at 150th Avenue and 118th Street in Queens, New York, near John F. Kennedy Airport, when it collided with a vehicle driven by Angela Barillaro. (05-CV-3073 Complaint ¶¶ 9, 11, 13; 05-CV-3763 Complaint ¶¶ 2-7, 9; Declaration of Wayne Thomas ("Thomas Decl.") ¶ 3; Declaration of Grace Lobifaro ("Lobifaro Decl.") at Ex. A-1 (Bailey Claim for Compensation); Plaintiff's Memorandum in Opposition ("Pl. Mem.") at 2; Barillaro's Affirmation and Memorandum of Law in Opposition to the United States' Motion to Dismiss ("Barillaro Mem.") at 2, Ex. A (Police Accident Report).) Bailey, a TSA screener, was a passenger in the vehicle being driven to the JFK airport by Scotto. (05-CV-

3073 Complaint ¶ 10; 05-CV-3763 Complaint ¶ 8; Thomas Decl. ¶ 4; Lobifaro Decl. at Ex. A-1; Pl. Mem. at 2; Barillaro Mem. at Ex. A.)

After the collision, Bailey completed a U.S. Department of Labor claim form for injuries under FECA, claiming that her arm, neck, back, shoulder, and head were injured in the collision, and certifying under oath that the injuries were sustained in the course of her employment for the Government. (Lobifaro Decl. at Ex. A-1; Pl. Mem. at 2.) TSA submitted the information from the form to the Department of Labor. (Declaration of Edward Duncan ("Duncan Decl.") at Ex. B-1 (Printout of injury information).) On February 19, 2004, the Department of Labor informed Bailey that her claim had been accepted for the following injuries: sprains to her right shoulder, left knee, cervical spine, thoracic spine, lumbosacral spine, and a contusion to the right hand. (Duncan Decl. at ¶ 3, Ex. B-2 (Feb. 19, 2004 Department of Labor letter to Bailey); Pl. Mem. at 2.) As of January 23, 2007, the Department of Labor has paid Bailey $19,450.75 in indemnity and $15,590.01 in medical expenses. (Duncan Decl. at ¶ 5, Ex. B-4 (Printout of payments); Pl. Mem. at 2.)

On or about December 2, 2004, Bailey filed an administrative claim with TSA seeking $1,000,000 in damages for a tear to the ligament of her left knee and additional injuries to her lumbar spine, cervical spine, right shoulder, and right hand. (Declaration of Nicholas Panuzio ("Panuzio Decl.") at Ex. C-1 (Claim form); Pl. Mem. at 2.) No action was taken on the claim. (Government's Memorandum of Law in Support of Defendant United States's Consolidated Motion to Dismiss ("Gov. Mem.") at 3; Pl. Mem. at 2.)

On June 27, 2005, Bailey filed suit in this court against the Government and TSA, alleging negligence by Scotto in the operation of a Government vehicle. (05-CV-3073

Complaint ¶ 15; 05-CV-3763 Complaint ¶ 10.) On June 28, 2005, Bailey filed a suit in the Supreme Court of the State of New York, County of Kings, against Scotto and Barillaro. On August 8, 2005, pursuant to 28 U.S.C. § 2679(d)(5), the Attorney General certified that Scotto was acting in the scope of his employment at all relevant times pursuant to the Westfall Act, 28 U.S.C. 28 § 2679, substituted the Government as defendant in his place, and removed the state court action to this court. On September 13, 2005, Barillaro, who had been named as a co-defendant in the state court proceeding, served the Government with a cross-claim for contribution and indemnity.

## II.  Discussion

The Government now moves to dismiss claims brought against it by both Bailey and Barillaro. Bailey concedes that FECA preempts her tort claims and consents to the dismissal of her FTCA claim against the Government. (Pl. Mem. at 2-3.) As a result, only the Government's motion to dismiss Barillaro's third-party cross-claims requires further discussion.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature . . . [and] the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). This court cannot, therefore, entertain this third-party action unless the federal government has waived its immunity from suit.

The FTCA waived the sovereign immunity of the United States for certain torts committed by federal employees. 28 U.S.C. § 1346(b) provides in pertinent part:

> [The] district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . [for] personal injury . . . caused by the negligent or wrongful act or

4

> omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id.

28 U.S.C. § 1346 has been interpreted to mean that, "for liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action." Dorking Genetics v. United States, 76 F.3d 1261, 1266 (2d Cir. 1996) (quoting Chen v. United States, 854 F.2d 622, 626 (2d Cir. 1988)) (internal citations omitted). In other words, in order to determine whether or not this action can proceed, this court must examine whether, if the federal government were a private individual or corporation, New York State law would permit such a claim against it. See, e.g., Lambertson v. United States, 528 F.2d 441, 444 (2d Cir. 1976).

Here, the allegedly tortious activities as set forth in the Complaints are governed by the New York Workers' Compensation Law, which provides that, absent the existence of an express contractual indemnity provision:

> [A]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury[.]"

N.Y. Work. Comp. Law § 11. "Grave injury" is defined as one of the following:

> [D]eath, permanent and total loss of use or amputation of an arm,

5

> leg, hand or foot, loss of multiple fingers, loss of multiple toes,
> paraplegia or quadriplegia, total and permanent blindness, total and
> permanent deafness, loss of nose, loss of ear, permanent and severe
> facial disfigurement, loss of an index finger or an acquired injury
> to the brain caused by an external physical force resulting in
> permanent total disability.

Id. Because (1) Bailey was injured in the course of her employment and did not suffer a "grave injury" (See Panuzio Decl. at Ex. C-1; Duncan Decl. at ¶ 3, Ex. B-2; Pl. Mem. at 2.); and, (2) Barillaro's contribution and indemnity claim is based exclusively on Bailey's injury, this court is precluded by the FTCA and Section 11 of the New York Workers' Compensation Law from hearing the claims of Barilarro against the Government.[1]

Barillaro nevertheless argues that Section 11 of the Workers' Compensation Law is inapplicable because Bailey was bring transported from work, and therefore was not acting within the scope of her employment at the time of the accident. (Barillaro Mem. at 4-5.) The Secretary of Labor determined, however, that Bailey was within the scope of her employment at the time of the accident, and that determination is not subject to judicial review. See 5 U.S.C. § 8128(b); United States v. Sforza, 326 F.3d 107, 112 (2d Cir. 2003).

Barillaro's claim that the Attorney General's certification under the Westfall Act, 28 U.S.C. § 2679, is subject to judicial review is simply misplaced. (See Barillaro Mem. at 5.) The Westfall Act certification operates to substitute the United States as party-defendant in Scotto's place. See 28 U.S.C. § 2679(d)(1). Therefore, the Attorney General certified that Scotto was acting within the scope of his employment at the time of the collision. (See Certification filed August 8, 2005.)

---

[1] Barillaro's argument that FECA does not contain a "grave injury" threshold is not relevant to the analysis of the Government's motion. (See Barillaro Mem. at 3.)

Barillaro next argues that Section 11 of the Workers' Compensation Law is inapplicable because the United States is not an "employer" under the statute's terms. (Barillaro Mem. at 3.) The law, however, defines "employer" as, inter alia, "a person . . . having one or more persons in employment." N.Y. Work. Comp. Law § 2(3). The FTCA provides that the district courts have subject-matter jurisdiction over civil actions against the United States only, inter alia, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA requires that the court treat the United States as if it were a "person" under the relevant state law, and the Workers' Compensation Law specifically includes "person" within its definition of employer, the United States must be treated as an employer under the law.

Finally, Bailey argues on behalf of Barillaro that at the time of the accident, Scotto was not acting within the scope of his employment because he "had left the jobsite with the vehicle to drop off a friend," and, thus, Scotto is not immunized from liability to the plaintiff. (Pl. Mem. at 4-5.) In advancing her argument, Bailey relies solely upon Section 29(6) of the New York Workers' Compensation Law, which states that it "shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong-doing of another in the same employ" and when the co-employee acted within the scope of his employment. See N.Y. Work. Comp. Law § 29(6). As an initial matter, because Bailey conceded that her own claim is preempted by FECA, she has no standing to oppose the Government's motion for default judgment on behalf of Barillaro. In any event, the Government's motion to dismiss does not rely on the exclusivity provision of Section 29(6), but rather on Barillaro's failure to allege that

7

Bailey had sustained a "grave injury" as required by Section 11. Furthermore, Bailey's conclusory and unsupported allegation that Scotto was not acting in the scope of his employment, even when combined with Barillaro's statement that the accident took place "a considerable distance" from the airport terminals (Barillaro Mem at 4), is insufficient to rebut the Attorney General's certification that Scotto was acting within the scope of his employment at the time of the collision. See McHugh v. University of Vermont, 966 F.2d 67, 74 (2d Cir. 1992) (holding that a court may review the Attorney General's findings with respect to scope of employment where plaintiff has alleged facts "with particularity").

## III. Conclusion

As Bailey concedes, her FTCA causes of action are preempted by FECA. The Government's motion to dismiss Bailey v. United States, 05-CV-3073, is therefore GRANTED. The Clerk of Court is hereby directed to close this case.

Pursuant to the FTCA and Section 11 of the New York Workers' Compensation Law, this court lacks subject matter jurisdiction to hear Barillaro's third party cross-claims against the Government. The Government's motion to dismiss the third-party action is therefore GRANTED. Because the remaining parties in the case of Bailey v. Scotto, et al., 05-CV-3763, lack diversity of citizenship, the court hereby REMANDS this case to the state court pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: April 16, 2007
Brooklyn, N.Y.

/signed/
Nicholas G. Garaufis
United States District Judge